United States Courts
Southern District of Texas
FILED
AUG 1 7 2005
Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| OLIVIA TAYLOR | |
| Plaintiff, | |
| v. | CIVIL ACTION NO: |
| HSBC MORTGAGE SERVICES, INC. and SAFEGUARD PROPERTIES INC. | 4:05-cv-02711 |
| Defendants. | |

## SAFEGUARD PROPERTIES, INC.'S ANSWER AND COUNTERCLAIM

Defendant Safeguard Properties, Inc., ("Safeguard"), by and through its undersigned counsel, files the following Answer to Plaintiff's Original Petition.

1. Safeguard denies that this case is subject to the Discovery Control Plan under Level II of Rule 190 of the Texas Rules of Civil Procedure. Instead, this case will be governed by the joint discovery and case management plan ordered by this Court.

2. Paragraph No. 2 does not require a response.

3. The allegation in paragraph No. 3 does not require a response.

4. Safeguard is without knowledge or information sufficient to form a belief as to the allegations in paragraph No. 4.

5. Safeguard admits that it is an Ohio corporation.

6. The allegations in paragraph 6 are jurisdictional in nature and do not require a response. To the extent a response is required, Safeguard has removed this action to federal court and it denies the allegations contained in paragraph 6.

7. Safeguard is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 7, and therefore they are

denied.

8. Safeguard denies the allegations contained in paragraph 8.

9. Safeguard is without knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 9, and therefore they are denied.

10. Safeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property Plaintiff allegedly owned or had the right to possess. Safeguard denies all other allegations in paragraph 10.

11. Safeguard denies the allegations contained in paragraph 11.

12. Safeguard denies the allegations contained in paragraph 12.

13. Safeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property Plaintiff allegedly owned or had the right to possess. Safeguard denies all other allegations contained in paragraph 13.

14. Safeguard denies the allegations contained in paragraph 14.

15. Safeguard is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what property Plaintiff allegedly owned or had the right to possess. Safeguard denies all other allegations contained in paragraph 15.

16. Safeguard denies the allegations contained in paragraph 16.

17. Safeguard denies the allegations contained in paragraph 17.

18. Safeguard denies the allegations contained in paragraph 18.

19. Safeguard denies the allegations contained in paragraph 19.

20. Safeguard denies the allegations contained in paragraph 20. Further, Plaintiff denies that Plaintiff is a "consumer" under the Texas DTPA Tex. Bus. Comm.

Code §17.45.

21. Safeguard denies the allegations contained in paragraph 21.

22. Safeguard denies the allegations contained in paragraph 22.

23. Safeguard denies the allegations contained in paragraph 23.

24. Safeguard denies the allegations contained in paragraph 24. Safeguard further denies that Plaintiff is a "tenant" as to Safeguard under the Texas Property Code §92.001.

25. Safeguard denies the allegations contained in paragraph 25.

26. Safeguard denies the allegations contained in paragraph 26.

27. Safeguard denies the allegations contained in paragraph 27.

28. Safeguard denies the allegations contained in paragraph 28.

29. Safeguard denies the allegations contained in paragraph 29.

30. Safeguard denies the allegations contained in paragraph 30. With regard to Plaintiff's allegations addressing wrongful conduct by someone other than Safeguard, Safeguard is without knowledge or information sufficient to form a belief as to these allegations, and therefore they are denied.

31. Safeguard denies the allegations contained in paragraph 31.

32. Safeguard denies the allegations contained in paragraph 32.

33. Safeguard denies the allegations contained in paragraph 33.

34. No response is required.

35. Safeguard has removed this action, and therefore it is not subject to the disclosure request in paragraph 35.

36. Safeguard denies the allegations contained in paragraph 36.

37. Safeguard denies the allegations contained in paragraph 37.

## AFFIRMATIVE DEFENSES

38. Safeguard is not liable to Plaintiff for her claims under the DTPA because Plaintiff did not seek or acquire by purchase or lease any "goods" or "services" from Defendant Safeguard and Plaintiff is not a "consumer" as to Defendant Safeguard. TEX. BUS. COMM. CODE §17.45.

39. Safeguard is not liable to Plaintiff for her claims under the Texas Property Code § 92.0081 because there is no landlord / tenant relationship between Safeguard and Taylor.

40. To the extent that this dispute is governed by the Texas Property Code §92.001 *et seq.*, Plaintiff's remedies are limited by Texas Property Code §§ 92.0081(h) and 92.061.

41. Safeguard is not liable to Plaintiff because the property at issue had been abandoned.

42. Safeguard acted with legal justification and in good faith.

43. Safeguard is not liable to Plaintiff because it did not act intentionally.

44. Safeguard is not liable because the conduct of persons and / or entities other than Safeguard was a superseding or intervening cause of any damage, loss, or injury sustained by Plaintiff.

45. Plaintiff's alleged injury was the result of the criminal act of plaintiff or third parties.

46. Plaintiff failed to mitigate her damages, if any.

47. Plaintiff's claims against Safeguard are barred, in whole or in part, by the

comparative fault of plaintiff and/or third parties.

48. Plaintiff's own acts or omissions caused or contributed to the plaintiff's alleged injuries, if any.

49. Safeguard is not liable because it had the consent of or relied upon representations of third parties with rights superior to those of Plaintiff's.

50. Pursuant to Federal Rule of Civil Procedure 12(b)(6) Plaintiff fails to state a claim under the Texas DTPA TEX. BUS. COMM. CODE §17.45, TEX. PROP. CODE ANN §92.001, and intentional infliction of emotional distress.

51. Safeguard denies that all conditions precedent for Plaintiff's collection of attorney's fees have been completed.

## **SAFEGUARD PROPERTIES, INC.'S COUNTERCLAIM**

Defendant and counterclaim-plaintiff Safeguard files this Counterclaim against Plaintiff and counterclaim-defendant Olivia Taylor, and would show as follows:

1. Safeguard hereby incorporates its answer and affirmative defenses to Plaintiff's Original Petition as if fully set forth herein.

### PARTIES

1. Defendant and counterclaim-plaintiff Safeguard Properties, Inc. is a Ohio corporation with its principal place of business in Ohio.

2. Upon information and belief and according to her own allegations in the Original Petition, Plaintiff and counterclaim-defendant Olivia Taylor is an individual residing in Texas.

### JURISDICTION AND VENUE

3. The Court has diversity jurisdiction pursuant to 28 U.S.C. "1332(a). The

parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the action occurred in this district and because a substantial part of property that is the subject of this action is situated in this district.

## BACKGROUND

5. On or about July 5, 2005, Olivia Taylor filed this lawsuit alleging that Safeguard committed acts that violated the Texas Deceptive Trade Practices Act and that she thereby suffered damages. Safeguard has had to retain the undersigned counsel to defend such allegations.

### Groundless Action under the DTPA

6. Olivia Taylor did not seek or acquire by purchase or lease any "goods" or "services" from Safeguard and Olivia Taylor is not a "consumer" as to Safeguard under the DTPA §17.50. TEX. BUS. COMM. CODE §17.45(Vernon 1987). Therefore, Olivia Taylor's claim under the DTPA is groundless in fact and in law, brought in bad faith, or brought for the purpose of harassment. TEX. BUS. COMM. CODE §17.50 (c) (Vernon 1987).

10. Safeguard seeks reasonable attorney fees and costs necessary to defend Plaintiff's DTPA claim.

## PRAYER

11. For the foregoing reasons, Safeguard Properties, Inc. respectfully requests that the Court enter judgment dismissing all claims asserted against Safeguard, award

Safeguard damages on its counterclaims. Safeguard also requests that this court award Safeguard its attorney fees and costs and any and all relief to which it may be justly entitled.

Respectfully submitted,

**GILL, REVACK & SAMAAN**

By: *Ronald C. Muller*
Ronald C. Muller
State Bar No. 14649100
Federal ID. 10398
6575 West Loop South, Suite 600
Bellaire, Texas 77401
(713) 271-8282 (telephone)
(713) 271-2112 (facsimile)

*Attorney-in-charge*

**Of Counsel:**
Gill, Revack & Samaan
6575 West Loop South, Suite 600
Bellaire, Texas 77401
(713) 271-8282 (telephone)
(713) 271-2112 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Answer and Counter-Claim has been served on the following counsel of record on this the 17th day of August 2005.

**(Via Certified Mail/RRR)**
Sandra Pace Williams
Attorney at Law
12000 Westheimer Road, Suite 232

Houston, Texas 77077-6690
(281) 497-2277 (telephone)
(281) 497-2276 (facsimile)
**Counsel for Plaintiff**

David Curcio
Boudreax, Leonard, Hammond & Curcio
909 Fannin, Suite 2350
Houston, Texas 77010
(713) 757-0000 (telephone)
(713) 757-0178 (fax)
**Counsel for HSBC Mortgage Services, Inc.**

_____
Ronald C. Muller